UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAKOP MAKSEREDZHYAN,<br><br>Defendant. | No. 2:01-cr-00305-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Hakop Makseredzhyan's ("Defendant") Petition for Writ of Error Coram Nobis. (ECF No. 29.) The Government filed a Motion to Dismiss the Petition. (ECF No. 34.) Defendant filed an opposition. (ECF No. 37.) The Government filed a reply. (ECF No. 38.) For the reasons set forth below, the Court GRANTS the Government's motion and DISMISSES Defendant's petition.

///
///
///
///
///
///
///

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2003, Defendant pleaded guilty to health care fraud in violation of 18 U.S.C. § 1347.  (ECF Nos. 13, 29-1, 29-2.)  On August 8, 2003, Judge Garland E. Burrell, Jr., sentenced Defendant to a 21-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF Nos. 20, 21.)  Defendant filed the instant petition for a writ of error coram nobis over twenty years later, on September 23, 2024.  (ECF No. 29.)  This case was reassigned to the undersigned the same day.  (ECF No. 30.)  The Court set a briefing schedule, and the matter is now fully briefed.[1]  (ECF No. 33.)

## II.   STANDARD OF LAW

"A writ of error coram nobis 'affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody.'"  *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (citation omitted).  "The writ aids 'those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors.'"  *Id.* (citation omitted).  "Coram nobis is an 'extraordinary remedy' available 'only under circumstances compelling such action to achieve justice.'"  *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)).  "To qualify for this 'extraordinary remedy,' the petitioner must establish four requirements: (1) the unavailability of a 'more usual remedy;' (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an 'error . . . of the most fundamental character.'"  *Id.* (citation omitted).

## III.   ANALYSIS

Defendant petitions the Court for writ of error coram nobis to withdraw his guilty plea and vacate his conviction because he received incorrect advice from his counsel about the immigration consequences of his conviction and entered a plea bargain which left him deportable

---

[1] The Court finds this matter suitable for disposition without a hearing because "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) (stating that "[w]hether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions").

from the United States. (ECF No. 29 at 2.) Defendant argues he meets the four writ of coram nobis requirements as follows: (1) a more usual remedy is not available because Defendant served his sentence and is no longer in custody; (2) Defendant did not attack his conviction earlier because he was unaware of the immigration consequences of his plea; (3) the likelihood of deportation satisfies the case or controversy requirement of Article III; and (4) the error suffered is of the most fundamental character because Defendant has a right to effective assistance of counsel in plea bargaining. (*Id.* at 9–12.) In response, the Government argues Defendant waived his right to bring a collateral attack on his conviction and Defendant's petition is barred by the equitable defense of laches. (ECF No. 34 at 1.)

As will be discussed, the Court concludes Defendant is ineligible for coram nobis relief because he fails to offer valid reasons for his delay in attacking his conviction (the second coram nobis requirement). The Court therefore need not and does not address the parties' remaining arguments and will instead address only the second coram nobis requirement.[2]

"A coram nobis petition is not subject to a specific limitations period." *Kroytor*, 977 F.3d at 961. "However, petitioners are entitled to this relief only if they can 'provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier.'" *Id.* (citation omitted). "[C]ourts have denied relief for unjustified delay where 'the petitioner has delayed for no reason whatsoever, where the respondent demonstrates prejudice, or where the petitioner appears to be abusing the writ.'" *Id.* (citation omitted). "[W]here petitioners reasonably could have asserted the basis for their coram nobis petition earlier, they have no valid justification for

---

[2] The Government makes compelling arguments about the prejudice it would suffer retrying this case twenty years later, which goes to the Government's laches defense. *See Telink, Inc. v. United States*, 24 F.3d 42, 47 (9th Cir. 1994) (requiring the Government show unreasonable delay and prejudice to bring a laches defense); *see also Riedl*, 496 F.3d at 1008 (finding prejudice where "the unavailability of some of the evidence and witnesses from [the defendant's] trial would hamper the government's ability to prove" an element of its case). In *Riedl*, the Ninth Circuit explained there is overlap between the second coram nobis requirement and the laches defense, as both relate to the petitioner's delay. 496 F.3d at 1008–09. However, the Ninth Circuit stated, "the proper standard by which the existence of 'sound reasons' should be measured is [not] that of laches . . . The critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay." *Id.* at 1009. Therefore, the Court frames its ruling in terms of Defendant's failure to satisfy the second coram nobis requirement rather than laches.

delaying pursuit of that claim." *Id.* (citing *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007)). "If, however, petitioners did not have a reasonable chance to pursue their claim earlier due to the specific circumstances they faced, delay during the time when such circumstances existed may be justified." *Id.* (citation omitted).

Defendant argues there were valid reasons for his delay in attacking his conviction because he "spent years under the misapprehension he was not deportable as a result of his guilty plea" and he sought counsel to bring this petition "once he learned of this adverse consequence." (ECF No. 29 at 9.) More specifically, Defendant states,

> [H]aving learned of his deportable status, early on Defendant sought assistance from immigration and criminal defense counsel. He consulted with several lawyers and was told multiple times that nothing could be done to set aside this pending case. Defendant was deeply disappointed. Eventually, Defendant met with undersigned counsel to assist with the instant petition.

(*Id.* at 6.) Defendant states his current counsel then communicated with his prior counsel, Ed Tolmas ("Tolmas"), to obtain a copy of the case file, but Tolmas was unable to find any files for Defendant after many months. (*Id.* at 7.) In the meantime, Defendant's current counsel obtained the change of plea and sentencing transcripts and a copy of the archived court files. (*Id.*) In 2022, Defendant's counsel contacted the Government about this matter. (*Id.*) Defendant's counsel reached out to the Government again in August 2024 and was told the Government would oppose any petition if filed. (*Id.*) Defendant filed the petition on September 23, 2024. (*Id.*)

In response, the Government argues Defendant fails to justify his 20-year delay in attacking his conviction. (ECF No. 34 at 6.) The Government contends the prosecutor explicitly warned Defendant about the immigration consequences of his plea and conviction during the sentencing hearing in 2003. (*Id.*) The Government further contends there can be no doubt Defendant was fully aware of these immigration consequences when he spent 90 days in immigration detention upon his release from prison in 2005. (*Id.*) In addition, the Government argues it would be prejudiced in its ability to retry the case because there is a substantial likelihood the evidence obtained during its pre-2001 investigation cannot be recovered and witnesses, if alive, will have faded memories. (*Id.* at 7.)

Defendant responds to the Government's arguments by repeating the same arguments about delay that he raised in his petition, which the Court has already discussed. (ECF No. 37 at 7.) As to prejudice, Defendant contends the Government fails to substantiate its argument that that evidence in this case cannot be recovered. (*Id.*)

The Court ultimately agrees with the Government that Defendant fails to provide valid reasons for his delay. The Government cites *Riedl*, which the Court finds to be instructive. In *Riedl*, a defendant brought a coram nobis petition six years after her conviction. 496 F.3d at 1005. The defendant offered multiple excuses for failing to bring the petition sooner, including her deportation, her inability to find competent counsel willing to review her case and pursue legal remedies, her period of incarceration, and her diminished mental capacity. *Id.* The Ninth Circuit found the defendant's excuses, "both individually and in combination," did not justify her delay. *Id.* at 1006.

Defendant's excuse is even weaker than the defendant's excuses in *Riedl*. The Court is not persuaded by Defendant's vague assertion that he sought counsel after learning of his deportable status or that his counsel had some difficulty obtaining Defendant's case files and communicating with the Government. (ECF No. 29 at 6–7, 9.) Defendant does not offer any information about when or how he purportedly learned of his deportable status. Without that information, the Court is unable to determine how long Defendant delayed bringing his motion. Even if Defendant had provided such information, Defendant fails to adequately explain what caused his delay. Defendant's delay seems to be at least partially based on his failure to find counsel willing to represent him. The defendant in *Riedl* raised a similar argument, and the Ninth Circuit rejected it. *See Riedl*, 496 F.3d at 1005, 1007 (finding the defendant "failed to offer any legitimate explanations for not raising her challenges to her convictions sooner or through more usual channels").

The Court is persuaded by the Government's argument that Defendant was on notice as early as 2003 based on the prosecutor's comment during sentencing that Defendant would likely be deported, or at the very least when he was placed in immigration custody after being released from prison in 2005. (ECF No. 34 at 6; ECF No. 29-3 at 11 (sentencing transcript showing the

prosecutor stated "the defendant is probably going to be deported at the end of this"); ECF No. 29 at 16–17 (Defendant's declaration acknowledging the prosecutor's comment and confirming he was released to immigration authorities in 2005).) Defendant fails to offer any evidence or persuasive argument to the contrary. The Court also notes that Defendant requested the transcripts for his change of plea and sentencing hearings in June 2018, which suggests Defendant intended to challenge his conviction at least six years before filing the petition. (ECF No. 26.) Lastly, Defendant admits to contacting the Government as early as 2022 regarding his intention to file the petition and waited at least two years thereafter to file the petition. (ECF No. 29 at 7.) Even assuming there was only a two-year delay in bringing the petition, Defendant fails to persuade the Court that waiting on a response from the Government was a valid reason to wait two years to file the petition. *See Kroytor*, 977 F.3d at 962–63 (concluding the defendant's "post-conviction attorney did not act with the necessary expediency" by waiting two years to file a coram nobis petition based on an uncertainty in the law).

For the reasons discussed, the Court finds Defendant fails to demonstrate valid reasons exist for not attacking his conviction earlier and is therefore not eligible for coram nobis relief.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Government's Motion to Dismiss (ECF No. 34) and DISMISSES Defendant's Petition for Writ of Error Coram Nobis (ECF No. 29).

IT IS SO ORDERED.

Date: May 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE