UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAKOP MAKSEREDZHYAN,<br><br>Defendant. | No. 2:01-cr-00305-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Hakop Makseredzhyan's Motion for Reconsideration. (ECF No. 40.) The Government filed an opposition. (ECF No. 42.) Defendant filed a reply. (ECF No. 43.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, 2003, Defendant pleaded guilty to health care fraud in violation of 18 U.S.C. § 1347.  (ECF Nos. 13, 29-1, 29-2.)  On August 8, 2003, Judge Garland E. Burrell, Jr., sentenced Defendant to a 21-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF Nos. 20, 21.)  Defendant filed a petition for a writ of error coram nobis over twenty years later, on September 23, 2024.  (ECF No. 29.)  In his petition, Defendant requested the Court allow him to withdraw his guilty plea and vacate his conviction because he received incorrect advice from his counsel about the immigration consequences of his conviction and entered a plea bargain which left him deportable from the United States.  (ECF No. 29 at 2.)  The Government filed a motion to dismiss the petition on November 7, 2024.  (ECF No. 34.)

On May 5, 2025, the Court dismissed Defendant's petition.  (ECF No. 39.)  The Court concluded Defendant was ineligible for coram nobis relief because he failed to offer valid reasons for his 20-year delay in attacking his conviction.  (*Id.* at 3.)  On May 14, 2025, Defendant filed the instant motion for reconsideration.  (ECF No. 40.)

**II.    STANDARD OF LAW**

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i)(3), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 430.1(i)(3); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

**III.   ANALYSIS**

Defendant raises two arguments in his motion for reconsideration.  (ECF No. 40 at 2.)  First, Defendant argues he did not present facts concerning the delay period from 2022 to 2024 because the issue was not raised in the Government's motion to dismiss.  (*Id.*)  Defendant

2

explains that his counsel was communicating with the Government during that time, and he waited to file the petition until learning the Government planned on opposing it. (*Id.* at 3–4.) Defendant argues he should not be penalized because his counsel was cooperating with the Government to work out a resolution in the case. (*Id.* at 4.) Second, Defendant argues a case the Court relied on in its prior Order, *United States v. Riedl*, 496 F. 3d 1003 (9th Cir. 2007), is distinguishable from the instant case. (*Id.*) Defendant argues the defendant in *Riedl* conceded that nothing prevented her from asserting her claims earlier, while Defendant has not made such a concession. (*Id.* at 5.) Defendant contends bad advice from his prior counsel was a sound reason for not challenging his conviction sooner. (*Id.*)

In opposition, the Government argues the Court correctly dismissed Defendant's petition based on Defendant's 20-year delay in challenging his conviction. (ECF No. 42 at 2.) The Government argues Defendant fails to address the standard for reconsideration as he did not present any newly discovered evidence, point to clear error, or cite an intervening change in controlling authority. (*Id.* at 3.) The Government argues the Court addressed Defendant's first argument in the prior Order and found that Defendant failed to justify the two-year delay in filing the petition after he contacted the Government in 2022. (*Id.*) The Government argues Defendant's second argument is unavailing because the Government cited to *Riedl* in its dismissal motion and Defendant failed to address it in his opposition brief. (*Id.* at 3–4.)

Defendants' arguments are unpersuasive. Defendant's first argument that he did not present facts concerning his two-year delay after 2022 because the Government did not raise the issue in its briefing ignores that Defendant included facts about this period of delay in his original petition. (ECF No. 29 at 7.) To the extent Defendant believes this period of delay requires further explanation, he should have included all relevant facts in his petition. Even if the Court considers the facts presented in the instant motion, those facts essentially mirror what Defendant presented in his original petition and do not alter the Court's determination that Defendant failed to establish that waiting on a response from the Government was a valid reason to wait two years to file the petition.

///

1    The Court also notes that although Defendant seeks to justify his two-year delay after 2022, the Court's prior Order was not based solely on that period of delay. Defendant's delay spanned over 20 years. As the Court explained in its prior Order, Defendant failed to indicate exactly when or how he became aware of the immigration consequences of his plea. (ECF No. 39 at 5–6.) The Court indicated there was evidence Defendant was on notice of those consequences as early as 2003 based on the prosecutor's comment during sentencing that Defendant would likely be deported, or at the very least when he was placed in immigration custody after being released from prison in 2005. (*Id.*) The Court also noted that Defendant requested transcripts for this case in June 2018, which suggested Defendant intended to challenge his conviction at least six years before filing the petition. (*Id.*) Put simply, the Court found Defendant's explanations for the 20-year delay to be vague and insufficient. (*Id.*) Defendant fails to address any of the other aspects of the Court's decision in his motion for reconsideration.[1]

As to Defendant's second argument, Defendant did not address *Riedl* in its briefing on the original petition despite the Government citing the case in its motion to dismiss. (*See* ECF No. 34 at 6.) *Riedl*, decided in 2007, is not new or intervening law. Further, Defendant fails to persuade the Court that its discussion of *Riedl* constitutes clear error. The Court found *Riedl* to be instructive because the Ninth Circuit in *Riedl* rejected a defendant's various excuses for her six-year delay in filing her coram nobis petition. (ECF No. 39 at 5 (citing *Riedl*, 496 F.3d at 1005–1006).) The Ninth Circuit found the defendant's various excuses "both individually and in combination" did not justify the defendant's delay. (*Id.* (citing *Riedl*, 496 F.3d at 1006).) Although Defendant is correct that the Ninth Circuit indicated the defendant's concession that she could have filed a direct appeal or 28 U.S.C. § 2255 motion was fatal to her coram nobis petition, the Ninth Circuit went on to conclude that the defendant's other specific reasons for her tardiness were also unpersuasive. *Riedl*, 496 F.3d at 1006–1007. Defendant in the instant case, unlike the

---

[1] Defendant also takes issue with the Court's citation to *United States v. Kroytor*, 977 F.3d 957 (9th Cir. 2020). (ECF No. 40 at 4.) The Court relied on *Kroytor* for the general principle that a post-conviction attorney must act with expediency in filing a coram nobis petition. (ECF No. 39 at 6.) The Court's citation to *Kroytor* was not material to the Court's ruling, and Defendant's argument on the issue is unpersuasive.

4

defendant in *Riedl*, did not concede that he could have challenged his conviction sooner. However, like the defendant in *Riedl*, Defendant ultimately failed to justify his delay. Defendant failed to raise sufficient arguments on the issue of delay in his original briefing, and his motion for reconsideration is similarly deficient.

In sum, Defendant failed to meet his burden to demonstrate valid reasons for his delay in attacking his conviction, rendering him ineligible for coram nobis relief. While Defendant may disagree with the Court's decision, Defendant does not raise any viable grounds for reconsideration.

### IV. CONCLUSION

Accordingly, the Court DENIES Defendant's Motion for Reconsideration. (ECF No. 40.)

IT IS SO ORDERED.

Date: June 3, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE